SEND

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 09–2230 PA (AJWx) | Date | September 28, 2009 |
|---|---|---|---|
| Title | Ronald Bailey v. Federal Correctional Institute, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Karen Park | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Dismiss filed by defendant Ron Merritt ("Merritt") (Docket No. 19). Merritt challenges the sufficiency of the claims alleged against him by plaintiff Ronald Bailey ("Plaintiff"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for September 28, 2009, is vacated, and the matter taken off calendar.

Plaintiff is currently incarcerated at the Federal Correctional Institution at Terminal Island ("FCI-TI"). In his Complaint, Plaintiff alleges that he has received inadequate treatment from FCI-TI's medical staff for a variety of medical problems. Specifically, Plaintiff asserts claims for: (1) violations of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights; (2) intentional infliction of emotional distress; and (3) medical negligence.[1/] These claims are alleged against FCI-TI's warden, various

---

[1/]   The Complaint includes a reference to a "fifth claim against Baxter Pharmaceutical Company" but Baxter Pharmaceutical Company is not listed in the Complaint's caption or list of parties and there are no substantive allegations alleged against it in the "fifth claim." Because there is no first claim, and the substantive claims begin with the second claim for constitutional violations, the "fifth claim" against Baxter Pharmaceutical Company is actually the fourth claim.

To date, and although more than 120 days have elapsed since the filing of the Complaint, Plaintiff has not filed a proof of service indicating that Baxter Pharmaceutical Company has been served. See Fed. R. Civ. P. 4(m). Both because there do not appear to be any substantive claims alleged against Baxter Pharmaceutical Company, and because Plaintiff does not appear to have met Rule 4(m)'s requirements, Plaintiff is ordered to show cause in writing on or before October 13, 2009, why Baxter Pharmaceutical Company should not be dismissed for lack of prosecution. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court finds that this matter is appropriate for submission without oral argument. The Order to Show Cause will stand submitted upon the filing of Plaintiff's response. Failure to respond to this Order may result in the imposition of sanctions, including but not limited to dismissal of this defendant without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 09–2230 PA (AJWx) | Date | September 28, 2009 |
|---|---|---|---|
| Title | Ronald Bailey v. Federal Correctional Institute, et al. | | |

members of its medical staff,[2/] and Merritt, a prosthetic specialist at Human Designs, a company that specializes in the fabrication of prosthetic and orthotic devices.

      According to the Complaint, Plaintiff's right foot was surgically reconstructed in 2005 to repair damage caused by a bite from a brown recluse spider. The spider bite and reconstructive surgery occurred prior to Plaintiff's incarceration, which began in February 2006. In December of 2006, FCI-TI medical staff referred Plaintiff to Merritt. Merritt visited Plaintiff at FCI-TI, but according to the Complaint, "Merritt had no casting material to mold the plaintiff's feet for prosthetic made shoes, and told the plaintiff that the procedure was not ordered." Instead, Merritt ordered shoes for Plaintiff "from a catalog for diabetic patients." Plaintiff alleges that the shoes arrived in January 2007 but that they "did not feel correct on plaintiff's feet." FCI-TI medical staff instructed Plaintiff to "try" the shoes despite the discomfort. According to Plaintiff, the shoes "caused blood blisters on the second and third toes of the plaintiff's left foot."

      In May 2007, Plaintiff was "given a pair of post-orthitic [sic] sandals to wear." Plaintiff alleges that the sandals were "two [sic] small for his left foot." Merritt is not alleged to be the source of the sandals. Plaintiff claims that FCI-TI medical staff and the warden ignored his requests for appropriate footwear until June 15, 2007, when Plaintiff was taken to Merritt's office to be fitted for prosthetic shoes. According to the Complaint, "Merritt told the plaintiff that he could order what he wanted, and that he would place a rush order on them." Merritt later informed FCI-TI medical staff that the shoes were ready. However, a month elapsed without the medical staff arranging for Plaintiff to receive the shoes from Merritt. In the interim, Plaintiff's condition deteriorated and Plaintiff was transported to the hospital on July 24, 2007, to have the second toe on his right foot amputated.

      Although the Complaint alleges many additional instances of insufficient medical care provided by FCI-TI, Plaintiff makes no further allegations against Merritt. In his Motion to Dismiss, Merritt contends that the Complaint fails to state claims against him. Specifically, Merritt argues that the Complaint's claim for constitutional violations fails because Merritt is not a "state actor" and the allegations against him fail to establish the required "deliberate indifference" to state a claim for violation of Plaintiff's Eighth Amendment rights. Merritt also contends that the Complaint does not allege facts establishing that Merritt owed Plaintiff a duty of care to support Plaintiff's negligence claim and that none of Merritt's actions could be considered "outrageous conduct" sufficient to state a claim for intentional infliction of emotional distress.

      Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds

---

[2/]    The time for the federal defendants to respond to the Complaint has not yet run.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 09–2230 PA (AJWx) | Date | September 28, 2009 |
|---|---|---|---|
| Title | Ronald Bailey v. Federal Correctional Institute, et al. | | |

upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp. , 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964–65 (internal quotations omitted).

Plaintiff's Opposition to the Motion to Dismiss should have been filed on September 14, 2009, but was not filed until September 18, 2009. See Local Rule 7-9. Plaintiff's counsel sought no accommodation from the Court before the late filing. See Local Rule 7-12 ("The Court may decline to consider any memorandum or other paper not filed within the deadline set by order or local rule. The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."). Despite Plaintiff's counsel's failure to timely file the Opposition, the Court will consider it. Future violations of the Federal Rules of Civil Procedure, the Local Rules, or the Court's orders may result in the imposition of sanctions.

Despite references in his Complaint to the Fourth, Fifth, Eighth, and Fourteenth Amendments, as a convicted prisoner, Plaintiff's claim for violation of his constitutional rights resulting from inadequate medical care is properly analyzed under the Eighth Amendment. See Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002). The Eighth Amendment imposes liability on prison officials only when they are deliberately indifferent to a prisoner's serious medical needs. Id. "Under the Eighth Amendment's standard of deliberate indifference, a person is liable for denying a prisoner needed medical care only if the person 'knows of and disregards an excessive risk to inmate health and safety.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979, 128 L. Ed. 2d 811 (1994)). "In order to know of the excessive risk, it is not enough that the person merely 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, . . . he must also draw

SEND

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 09–2230 PA (AJWx) | Date | September 28, 2009 |
|---|---|---|---|
| Title | Ronald Bailey v. Federal Correctional Institute, et al. | | |

that inference.'" Id. at 1188 (quoting Farmer, 511 U.S. at 837, 114 S. Ct. at 1979, 128 L. Ed. 2d 811. "If a person should have been aware of the risk, but was not, then the person has not violated the Eighth Amendment, no matter how severe the risk." Id. (citing Jeffers v. Gomez, 267 F.3d 895, 914 (9th Cir. 2001)).

Here, even assuming that Merritt's acting in what appears to be the capacity of an independent contractor could be considered as acting under color of law, none of the allegations involving Merritt are sufficient to establish that Merritt was deliberately indifferent to Plaintiff's medical condition. Instead, according to the Complaint, Merritt was not authorized by FCI-TI medical staff to provide custom molded shoes when Merritt visited FCI-TI in December 2006. Merritt simply ordered shoes from a catalog. Based on the allegations in the Complaint, it was FCI-TI medical staff, rather than Merritt, that insisted that Plaintiff continue wearing the shoes despite Plaintiff's complaints of discomfort. Moreover, the only harm Plaintiff is alleged to have suffered as a result of those shoes is blood blisters on his second and third toes on his left foot. The Complaint fails to establish a causal link between Merritt's provision of the shoes to the amputation of the second toe on Plaintiff's right foot.

Merritt is not alleged to have been involved in the decision to provide Plaintiff with the ill-fitting orthotic sandals. Additionally, the Complaint's allegations concerning the prosthetic shoes indicate that Merritt fitted Plaintiff with the prosthetic shoes, told Plaintiff that he would put a rush order on them, and then notified FCI-TI when the shoes were ready. Nothing about those allegations support a claim for deliberate indifference against Merritt. Indeed, the Complaint alleges that FCI-TI medical staff were informed that the shoes Merritt fitted Plaintiff for had been available for a month.

For similar reasons, Plaintiff's claims for negligence and intentional infliction of emotional distress are insufficiently alleged. None of the allegations against Merritt rise to the level of "outrageous conduct" necessary to state a claim for intentional infliction of emotional distress. See Hernandez v. Gen. Adjustment Bureau, 199 Cal. App. 3d 999, 1007, 245 Cal. Rptr. 288, 292 (1988). Nor do the allegations against Merritt suggest that Merritt breached a duty he owed to Plaintiff that could support a claim for negligence. Indeed, not only has the Complaint failed to allege breach of a duty Merritt owed to Plaintiff, the Complaint has, in fact, alleged facts establishing that Merritt owed no such duty. As the Complaint makes clear, Merritt provided the services he was directed to provide by FCI-TI medical staff.

For all of the foregoing reasons, the Court dismisses each of the claims alleged against Merritt. As the Court has explained, not only do the allegations against Merritt fail to state a claim, the allegations actually allege facts that preclude a finding of liability against Merritt. Moreover, Plaintiff's Opposition to the Motion to Dismiss does not explain how Plaintiff could amend the Complaint to cure these pleading deficiencies. Instead, Plaintiff merely, and conclusorily, asserts that the allegations are sufficient to state a claim against Merritt. Because the Court concludes that Plaintiff cannot amend his Complaint to state a viable claim against Merritt, the Court dismisses Plaintiff's claims against him with prejudice.

SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| Case No. | CV 09–2230 PA (AJWx) | Date | September 28, 2009 |
|---|---|---|---|
| Title | Ronald Bailey v. Federal Correctional Institute, et al. | | |

IT IS SO ORDERED.

|  | : |  |
|---|---|---|
| Initials of Preparer | | PDP |